**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSALEE V. ZARROW, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-3162 |
| | : | |
| FAITH DALESSIO, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

MARSTON, J.                                                                                    **July 20, 2026**

Pro Se Plaintiff Rosalee V. Zarrow brings this civil action pursuant to 42 U.S.C. § 1983

naming as Defendants Faith Dalessio and Justin Levitan.  She also seeks leave to proceed *in*

*forma pauperis*.  For the following reasons, the Court will grant Zarrow leave to proceed *in*

*forma pauperis* and dismiss her Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

**I.       FACTUAL ALLEGATIONS**[1]

Zarrow's factual allegations are sparse.  She asserts that while renting an apartment from

the Defendants, she filed a lawsuit against them regarding living conditions at the property.

(Doc. No. at 4.)  Since doing so, she "[has] constantly receive[d] threats about evictions and

paying rent."  (*Id*.)  Zarrow claims that she is being evicted because she "voic[ed] [her] rights as

a tenant in Pennsylvania."  (*Id*.)  She states that the events giving rise to her claims occurred on

May 6, 2026, but does not specify what occurred on that date.  (*Id*.)  Zarrow asserts that she is

suffering emotional distress and physical injury as a result of the Defendants' harassment.  (*Id*. at

5.)  She asserts claims of due process, retaliation, and harassment.  (*Id*. at 3.)  She also cites 34

---

[1] The facts set forth in this Memorandum are taken from Zarrow's Complaint (Doc. No. 1).  The
Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

U.S.C. § 12494, a provision of the Violence Against Women Act ("VAWA").[2]  (*Id.*)  Zarrow

seeks monetary damages.  (*Id*. at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Zarrow leave to proceed *in forma pauperis* because it appears that

she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the

litigation, the Court will accept the facts alleged in the pro se Complaint as true, draw all

reasonable inferences in Zarrow's favor, and ask only whether the Complaint contains facts

---

[2] The Court infers that Zarrow is referring to subsection (a), which provides that:

> No public housing agency or owner or manager of housing assisted under
> a covered housing program shall discriminate against any person because
> that person has opposed any act or practice made unlawful by this part, or
> because that person testified, assisted, or participated in any matter related
> to this subpart.

34 U.S.C. § 12494(a).  Zarrow does not allege any facts suggesting a basis for a claim under this
provision, and a passing reference to a legal provision is insufficient to bring a plausible claim before the
Court.  *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing
reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers'
Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).
Moreover, "there is no private right of action to enforce [the] protections [of the VAWA].  Instead, the
statutory scheme mandates [t]he Secretary of Housing and Urban Development and the Attorney General
[to] implement and enforce [34 U.S.C. § 12491][.]"  *Haywood v. Warner Robins Hous. Auth.*, No. 25-
0296, 2026 WL 867389, at *2 (M.D. Ga. Mar. 30, 2026) (internal quotation marks and footnote omitted).
Accordingly, any claim based on a violation of the VAWA will be dismissed.

sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Zarrow is proceeding pro se, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at \*3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.  DISCUSSION

Zarrow asserts claims of First Amendment retaliation and a violation of her Fourteenth Amendment due process rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))). To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's

federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

Zarrow's constitutional claims are not plausible because she does not allege facts indicating that the Defendants harmed her while acting under color of state law.  Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor— depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct

4

of which the plaintiff complains.'"  *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Zarrow asserts that "[u]nder color of state law, FAITH DALESSIO, et, al., failed to protect I (The Plaintiff) from retaliation and harassment after submitting a federal lawsuit due to bringing up concerns about the property's condition, prior to moving in at the end of March 2026."  (Doc. No. 1 at 4.)  Other than the conclusory reference to "under color of state law," nothing in Zarrow's Complaint suggests a factual or legal basis for concluding that the Defendants are anything but private landlords, who are not subject to liability under § 1983.  *See, e.g., Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *4 (E.D. Pa. Apr. 20, 2021) (dismissing § 1983 claim on statutory screening with prejudice because private individuals and entities involved in property rental are not state actors).  *But see Walton v. Darby Town Houses, Inc.,* 395 F. Supp. 553, 559 (E.D. Pa. 1975) (holding that defendant, a "federally subsidized housing development built and operated pursuant to federal housing laws" was a state actor that could be sued for retaliatory eviction under § 1983); *Kiggins v. Township*, No. 18-10604, 2020 WL 7090748, at *4 (D.N.J. Dec. 4, 2020) (noting that a "retaliatory eviction of a tenant under color of state law is actionable under 42 U.S.C. § 1983" (quoting *Walton*, 395 F. Supp. at 559)).  Accordingly, Zarrow's constitutional claims against Dalessio and Levitan will be dismissed because she has not plausibly alleged that either Defendant is a state actor.  In an abundance of caution, however, the Court will grant Zarrow leave to amend in the event she can allege facts indicating that Dalessio or Levitan are state actors under the standards set forth above.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Zarrow's constitutional claims will be dismissed without prejudice.  Any claims under the VAWA will be dismissed with prejudice.  An Order follows, providing additional instructions as to amendment.